# CIRCUIT COURT OF THE CITY OF NORFOLK

Linda Lewis,
Guardian
of the person of
Irene Cypress, etc.

v.

Sentara Hospitals,
t/a Sentara Obici Hospital

January 14, 2016

Case No. CL15-6837

By Judge Michelle J. Atkins

This matter was last before the Court on December 22, 2015, on Plaintiff's Motion To Compel. More specifically, the Plaintiff stated that in previous propounded Interrogatories and Requests for Production of Documents it was "requested that defendant identify and describe its Root Cause Analysis report with regard to the witness statements, timeliness, and other investigative results with regard to the incident of July 14, 2013." In addition, Plaintiff asserted that, in the Defendant's previous responses to discovery, it was stated that a "privilege log would be forwarded to the plaintiff" and that said privilege log had not been provided.

After considering the parties' pleadings filed herein, oral arguments, Plaintiff's Memorandum of Law in Support of the Motion To Compel, and Defendant's Brief in Opposition to the Motion To Compel, the Court finds that, upon its *in camera* review, that Item 2 of the Privilege Log is part of the root cause analysis that is privileged pursuant to Va. Code § 8.01-581.17.

Therefore, Plaintiff's Motion To Compel shall be denied.

*Background*

On December 22, 2015, the Court was notified that, since the filing of the Motion To Compel by Plaintiff, Defendant had presented Plaintiff with a Privilege Log consisting of ten items, all of which Defendant considered to be privileged information and not discoverable. Plaintiff conceded that

items three through ten were not discoverable; Plaintiff argued, however, that items one and two in the Privilege Log should be produced.

After hearing argument of counsel and considering Plaintiff's Memorandum of Law in Support of the Motion To Compel as well as the Privilege Log provided by Defendant, the Court ruled that Item One of the Privilege Log, consisting of interviews conducted by team leader, Rose Bailey, R.N., was not privileged under Virginia Code § 8.01-581.17. That item was ordered to be produced to the Plaintiff.

At the conclusion of the hearing, the Court ordered Defendant to produce to the Court for *in camera* inspection the five pages in Item Two of the Privilege Log to determine if it was discoverable pursuant to the statute.

## ˙*Discussion*

Plaintiff argues Defendant's Root Cause Analysis with regard to the July 14, 2013, incident is subject to discovery and does not enjoy a privilege under Virginia Code § 8.01-581.17.

Defendant responds that its Root Cause Analysis is privileged pursuant to Virginia Code § 8.01-581.17, noting that, despite Virginia Rule 4:(b)(1)'s permission for broad and liberal discovery, § 8.01-581.17 "codified an exception for hospitals conducting root cause analysis and/ or quality improvement committees." (Mem. in Opp. 2.) This privilege, Defendant argues, can only be invaded upon a showing of "extraordinary circumstances" and "good cause," neither of which are present here.

## *Legal Standard*

According to Virginia Code § 8.01-581.17(B), which states in relevant part:

> The proceedings, minutes, records, and reports of any (i) medical staff committee, utilization review committee, or other committee, board, group, commission or other entity as specified in § 8.01-581.16; (ii) nonprofit entity that provides a centralized credentialing service; or (iii) quality assurance, quality of care, or peer review committee established pursuant to guidelines approved or adopted by (a) a national or state physician peer review entity, (b) a national or state physician accreditation entity, (c) a national professional association of health care providers or Virginia chapter of a national professional association of health care providers, (d) a licensee of a managed care health insurance plan (MCHIP) as defined in § 38.2-5800, (e) the Office of Emergency Medical Services or any regional emergency medical services council, or (f) a statewide or local association representing health care providers licensed in the Commonwealth, together

with all communications, both oral and written, originating in or provided to such committees or entities, are privileged communications which may not be disclosed or obtained by legal discovery proceedings unless a circuit court, after a hearing and for good cause arising from extraordinary circumstances being shown, orders the disclosure of such proceedings, minutes, records, reports, or communications. . . . Oral communications regarding a specific medical incident involving patient care made to a quality assurance, quality of care, or peer review committee established pursuant to clause (iii) shall be privileged only to the extent made more than 24 hours after the occurrence of the medical incident. Nothing in this section shall be construed as providing any privilege to any health care provider, emergency medical services agency, community services board, or behavioral health authority with respect to any factual information regarding specific patient health care or treatment, including patient health care incidents, whether oral, electronic, or written. However, the analysis, findings, conclusions, recommendations, and the deliberative process of any medical staff committee, utilization review committee, or other committee, board, group, commission, or other entity specified in § 8.01-581.16, as well as the proceedings, minutes, records, and reports, including the opinions and reports of experts, of such entities shall be privileged in their entirety under this section.

## Analysis

The item sought in the Motion To Compel is a four-page "Events & Causal Factors Charting," created by the Sentara Root Cause analysis team leader Rose Bailey, R.N., "at some time before August 26, 2013." The purpose of the Charting is to "identify any possible root causes and/or inappropriate action." The Charting, which can be properly characterized as a Root Cause Analysis, falls squarely within the privileged documents identified by the legislature in Virginia Code § 8.01-581.17. It is the written report of a committee, organized by Sentara subsequent to the incident in question, with the purpose of determining the root cause of the incident in question. Moreover, Plaintiff has not shown, "good cause arising from extraordinary circumstances," as is necessary to invade the privilege.

## Conclusion

For the foregoing reasons, Plaintiff's Motion To Compel the production of Item Two of Defendant's Privilege Log is denied.